## In re METZGER TOY & NOVELTY CO. et al.

(District Court, W. D. Arkansas, Ft. Smith Division. April 28, 1902.)

BANKRUPTCY—PREFERENCES.

Bankr. Act, § 60a, provides that "a person shall be deemed to have given a preference if, being insolvent, he has procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class." Claimant recovered judgment against a bankrupt partner, and execution issued thereon. Thereafter the parties agreed that the sheriff should place a cashier in charge of a store belonging to the partnership, and that the proceeds of each day's sales should be paid to the sheriff, and applied on the execution, pursuant to which arrangement certain payments were made to claimant, who had no knowledge that the partner was bankrupt at the time. *Held* to constitute a preference within the act, which would have to be surrendered before the balance of the claim could be proved.

## In Bankruptcy

On the 31st of December, 1901, the Metzger Toy & Novelty Company, a partnership composed of Rudolph Metzger, Sr., Rudolph Metzger, Jr., and Mary Metzger, filed a petition in bankruptcy as such partnership, and also as individuals; and on January 3, 1902, the partnership, and each of said partners individually, were adjudicated bankrupts. In an adversary suit between the Bloch Queensware Company and Rudolph Metzger, Sr., the former on the 30th of November, 1901, in the supreme court of the state of Arkansas, recovered a personal judgment against the latter for $983.92, with interest on $902.22 at 6 per cent. from August 3, 1898; and on the 19th day of December, 1901, an execution was issued out of said court, directed to the sheriff of Sebastian county, and came to his hands on the following day. The sheriff immediately notified Rudolph Metzger, Sr., and the latter begged time from day to day, in order that he might borrow the money and pay off the execution. Failing in this, on the 23d of December Rudolph Metzger, Sr., agreed with the sheriff and the attorneys of the Bloch Queensware Company that a cashier might be placed in the store of the Metzger Toy & Novelty Company by the sheriff, and the proceeds of each day's sales be turned over by said cashier to the sheriff in satisfaction of said execution. This method was followed up, and it continued until and including Christmas day; and, as the result of that arrangement, $479.09 was paid to the sheriff on the execution. At the time the sheriff received the money under the arrangement heretofore stated, and up to and including the time when the execution was levied, the uncontradicted proof shows that the Bloch Queensware Company and its attorneys all believed that Rudolph Metzger, Sr., was solvent. On the 26th of December following, the sheriff levied upon the stock of goods of the Metzger Toy & Novelty Company, and also certain real estate, and on the same day paid to the attorneys of the execution creditor the sum of $472.70; retaining the sum of $6.29 for his costs and commissions. Upon a proper application, this court enjoined the sheriff, on January 3, 1902, from proceeding further under said execution, and the

unsold assets of the Metzger Toy & Novelty Company subsequently passed into the hands of the trustee in bankruptcy. It is agreed that the Metzger Toy & Novelty Company and Rudolph Metzger, Sr., were at the time the execution was issued, and the aforesaid payment made, insolvent. On the 31st of January, 1902, the Bloch Queensware Company filed its claim, probated in proper form for allowance, against the individual estate of Rudolph Metzger, Sr., for the sum of $733.37; retaining the $429.09 realized by the sheriff on said execution. To this claim A. A. McDonald, as trustee for the estate of the copartnership of the Metzger Toy & Novelty Company, and A. C. Cunkle, as attorney for several of the creditors of the Metzger Toy & Novelty Company, filed objections to the allowance of said claim, alleging that the Bloch Queensware Company had received the payment within four months next before the institution of the proceedings in bankruptcy, and while said Rudolph Metzger, Sr., was insolvent, and that said payment was made out of the assets of the Metzger Toy & Novelty Company, and constituted a preference, which should be surrendered before said claim was allowed. The referee in bankruptcy sustained the exceptions, holding that the payment referred to constituted a preference, and that the Bloch Queensware Company's claim should be disallowed, unless within five days it surrendered to the trustee of the Metzger Toy & Novelty Company the $472.70 received by said Bloch Queensware Company from the sheriff under the execution. From this order of the referee the Bloch Queensware Company appealed and the referee has certified the case to this court for review.

Mechem & Bryant, for Bloch Queensware Co.

A. A. McDonald and A. C. Cunkle, for the trustee and objecting creditors.

ROGERS, District Judge (after stating the facts as above). It is insisted by the attorneys for the claimants that the $472.70 having been received by the claimants under an execution, and in a strictly and purely adversary proceeding, and with no knowledge of the insolvency of Rudolph Metzer, Sr., upon the part of the claimant, said payment was not, therefore, such a payment as, under the bankrupt law, constituted a preference, which should be surrendered before the balance of the claim was allowed; and in support of this doctrine is cited the case of Wilson v. Bank, 17 Wall. 473, 21 L. Ed. 723, and other cases following and approving that decision, under the bankrupt law of 1867. In the opinion of the court, the question is settled in the following cases: Pirie v. Trust Co., 182 U. S. 439, 21 Sup. Ct. 906, 45 L. Ed. 1171; Wilson v. Nelson, 183 U. S. 191, 22 Sup. Ct. 74, 46 L. Ed. ——, 7 Am. Bankr. R. 142.

The question involved in this case turns upon the meaning of the words "procured or suffered," and the meaning of the word "transfer," as contained in section 60a of the bankrupt law of 1898; and Mr. Justice McKenna, in the former case, in considering the meaning of the word "transfer," as used in that section, has used this language:

"'Transfer' is defined to be not only the sale of property, but 'every other mode of disposing or parting with property.' All technicality and narrowness of meaning is precluded. The word is used in its most comprehensive sense, and is intended to include every means and manner by which property can pass from the ownership and possession of another, and by which the result forbidden by the statute may be accomplished,—a preference enabling a creditor 'to obtain a greater percentage of his debt than any other creditors of the same class.'"

But the question at bar is more fully and completely discussed in the second case cited, and to that little can be added. It points out

the distinction between the bankrupt law of 1867 and the bankrupt law of 1898, and specifically declines to follow Wilson v. Bank, 17 Wall. 473, 21 L. Ed. 723, and for reasons stated in the opinion. That authority is binding upon this court, and I am constrained to believe, by the force of its reasoning, announces the correct principle of construction of that section of the bankrupt law under consideration.

The action of the referee is therefore affirmed, and the order will be that unless the Bloch Queensware Company surrenders the sum of money received by it from the sheriff of Sebastian county, to wit, the sum of $472.70, to the trustee of the Metzger Toy & Novelty Company, within ten days, its claim be disallowed, and that, if the same be surrendered within 10 days from the date of this order, the referee enter an order allowing the Bloch Queensware Company's claim for the full amount.